# MICHAEL HUESTON
### ATTORNEY AT LAW

---

350 FIFTH AVENUE, SUITE 4810    Tel: (212) 643-2900
EMPIRE STATE BUILDING           Fax: (212) 643-2901
NEW YORK, NEW YORK 10118        Email: mhueston@nyc.rr.com

---

ADMITTED NY

June 21, 2012

BY HAND / ECF
The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *United States v. Rosa*, 09-cr-00519-NGG

Your Honor:

      I represent the defendant Mr. Jamel Rosa in the above-referenced case. A sentencing hearing is scheduled before Your Honor on June 22 at 11:30 a.m. I write in response to the Government's June 18, 2012 sentencing letter, and ask for a continuance for the reasons stated below.

      At the parties' January 31, 2012 conference, the Government raised several issues that it sought to have the Court consider in determining Mr. Rosa's appropriate sentence, including information provided by a cooperator about whether a firearm was used in the commission of the robbery at issue here. The defense objected to an attorney proffer as insufficient, argued that actual testimony was required, and asked that any witness statements had to be produced with enough time to review the same with Mr. Rosa at the Metropolitan Detention Center. Your Honor directed the Government to provide the defense with any such records in advance of the sentencing, and even set out the procedure by which defense counsel could show Mr. Rosa the documents at the facility.

      In its letter, the Government has unambiguously asserted that Marvin Black confirmed the use of a firearm during the commission of the robbery, but has failed to provide Mr. Black's statements to the defense even after my request from this week. The Court should direct the disclosure now, or draw an inference against the Government on this point. As the Court may recall, after the parties' suppression hearing, the Government agreed to allow Mr. Rosa to plead guilty to the robbery count and to the eventual dismissal of the use of a firearm count. From the defense's view the key factor in coming to this determination was the cold assessment that the agent's account of the interview regarding the firearm was simply not credible. Indeed, the suppression hearing showed that the agents' notes repeatedly omitted key facts that occurred during the interview. *See* January 20, 2012 Sentencing Memorandum at pp. 14-18.

Hon. Nicholas G. Garaufis                                              *United States v. Rosa*, 09 Cr. 519 (NGG)
June 21, 2012

   Furthermore, the Government's letter also proffers without support or proper disclosure to the defense that a firearm was recovered from the scene of a December 12, 2006 shooting outside of Corderro McBean's home and that "according to witnesses, the shooting stemmed from McBean's statement to the NYPD." Again, no records or identification of witnesses regarding these assertions have been provided to the defense.

   Accordingly, the Court should direct the production of this information or draw an adverse against the Government on this point.

               Respectfully,

               s/
               Michael O. Hueston

Cc:  A.U.S.A. Carter Burwell (by ECF)